**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X      Case No.
LINDA DUGUE,

                                    Plaintiff,      **COMPLAINT**

                -against-      **PLAINTIFF**
                                                       **DEMANDS A**
PABCO CONSTRUCTION CORP.      **TRIAL BY JURY**

                                    Defendant.
------------------------------------------------------------------------X

       Plaintiff, Linda Dugue, by her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

### NATURE OF THE CASE

1.      Plaintiff Linda Dugue brings this action charging that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq*. ("Title VII") and the New York City Human Rights Law, New York City Administrative Code § 8-107, *et seq.* ("NYCHRL") and seeks damages to redress the injuries she has suffered as a result of being subjected to gender discrimination by the Defendant.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3.      The Court has supplemental jurisdiction over Plaintiff's NYCHRL claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), as the acts giving rise to this Action occurred within the Southern District of New York.

## PROCEDURAL PREREQUISITES

5.  Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6.  Plaintiff received a Notice of Right to Sue from the EEOC, dated January 31, 2018, with respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7.  This Action is being commenced within 90 days of receipt of said Notice.

## PARTIES

8.  Plaintiff Linda Dugue ("Dugue") is a resident of the State of New York, County of New York.

9.  Defendant Pabco Construction Corp. ("Pabco Construction") is an active domestic business corporation duly organized and existing under, and by the virtue of, the laws of the State of New York, with its principal place of business located at 157 Gazza Boulevard, Farmingdale, New York 11735.

10. At all times relevant hereto, the Defendant operated a construction site located at 640 West 30th Street, New York, New York 10001, where the discriminatory conduct alleged herein took place.

## MATERIAL FACTS

11. On or about August 15, 2016, Plaintiff Dugue began her employment with Defendant Pabco Construction as an "Apprentice Carpenter," earning approximately $60,000 per year.

12. During the week of August 8, 2016, prior to commencing her work for Defendant, Plaintiff Dugue received a call from Darryl Sauders, an employee of Defendant Pabco Construction. Mr. Sauders asked Plaintiff Dugue whether she was working and informed her that his

2

Forman, Mickey, a supervisor for Defendant Pabco Construction, asked Mr. Sauders whether he knew any apprentices who were willing to work. Plaintiff Dugue responded that she was available to work. Mr. Sauders then stated that he would call Plaintiff back after speaking to Mickey.

13.    A couple of hours later, Mr. Sauders telephoned Plaintiff Dugue. Mr. Sauders informed Plaintiff that Mickey stated, "No, thank you. I don't want any women on my job. Women are stupid and clueless and can't handle the workload. Women whine too much and can't take the pressure of the industry."

14.    Mr. Saunders then apologized for what Mickey said and suggested that Plaintiff call Defendant's corporate office to apply for a job directly through the corporate office. Plaintiff followed Mr. Saunder's advice and was hired over the phone by Defendant's corporate office.

15.    On or about August 15, 2016, Plaintiff Dugue was assigned to work under the supervision of Mickey. From the onset of her employment, she sensed that Mickey was dismissive towards her. Nevertheless, she was determined to excel at her job and worked very well with the seven male mechanics whom she was assigned to assist.

16.    Plaintiff Dugue soon noticed, however, that the female employees were treated differently than the male employees. By way of example, all the male mechanics and apprentices were either offered, scheduled for, or were taking classes to obtain certification required to qualify for working with installations of exterior paneling. However, none of the females received any offers to take the certification classes.

17.    Furthermore, females were treated differently than males with respect to overtime offers. There were fifteen hours of overtime available every week. However, only one of the five

female employees was offered any overtime work (Rudy Mulligan, a third-year apprentice and delegate for the union).

18.     Plaintiff Dugue often lunched with the other female apprentices, who shared with Plaintiff the same feelings of being ignored, disrespected, and marginalized.

19.     During the week of August 22, 2016, Plaintiff Dugue telephoned Mickey on several occasions to request work materials and equipment.  However, he ignored Plaintiff's calls. Thus, Plaintiff felt that she had no choice but to call the General Contractor, Dave, to obtain the materials.  Dave advised Plaintiff regarding the location of the materials.  However, Dave also instructed Plaintiff to call Mickey in the future.

20.     Plaintiff Dugue followed Dave's advice and called Mickey.  However, Mickey continued to ignore Plaintiff's calls.  Plaintiff then asked Rock, a second-year apprentice, who was new to the site, to call Mickey regarding the materials.  Mickey answered Rock's calls every time.

21.     On one occasion, Plaintiff Dugue approached Mickey to ask about waterproofing material while Mickey was speaking to Rock.  Immediately, Mickey became visibly upset and turned around scowling and growling at Plaintiff.  With his chest puffed and face blushed with anger, he yelled at Plaintiff, "What do you want?"  Plaintiff was stunned by Mickey's aggressive behavior towards her and asked him, "Do you have a problem with me?  Did I do something wrong?"  Ignoring Plaintiff's questions, Mickey responded, "Go look over there, somewhere, anywhere but here!  Look in the gang box on the other side of the building!"  Mickey then turned his back to Plaintiff and continued joking with Rock.

22.     Mickey also ignored Plaintiff Dugue when she greeted him in the mornings.  However, Mickey responded warmly to Plaintiff's male co-workers' greetings.

4

23.   Thereafter, during the week of September 5, 2016, Plaintiff overheard Keith Reid, another foreman for the Defendant, say to a group of male co-workers that, "females aren't physically capable of doing the work, females just don't get it," referring to apprentice, Jessica A. Miles-Valton, as an example of a female who was allegedly slow and lazy.

24.   On September 9, 2016, Plaintiff Dugue was assisting Warrel, one of the mechanics with whom she worked, in installing framework for panels.  Each piece weighed 150 pounds and had to be installed 25 feet in the air by a boom lift.  Warrel and Plaintiff had to hold onto each piece of framing together and used high caliber shot guns and impact drivers to secure the framing.  Mickey and Dave watched them work for approximately 30 minutes.  Then, after Dave walked away, Mickey yelled at Plaintiff, "What the hell are you doing?  Are you a goddamn nail caddy?  You'll be picking up and passing out screws for the rest of your career.  That's all you'll ever be."  Warrel and Rock, who were present during Mickey's outburst, erupted in laughter.

25.   The next day, Mr. Sauders informed Plaintiff Dugue that Mickey had told his crew that Plaintiff's career was done and that, "That's what happens to chicks. Their days are numbered."

26.   Then, on September 14, 2016, Mr. Reid approached Plaintiff Dugue and told her that her employment was being terminated.

27.   Specifically, Mr. Reid said, "You know, you're a woman, and you're becoming expensive, and I was told to cut you.  Unfortunately, women only get used in the industry for deliveries and insulation.  When they get to the end of their apprenticeship they don't know anything.  You know, as a woman in the industry, this is going to happen to you a lot more in your third and fourth year of your apprenticeship.  We have too many third and fourth year

apprentices, and that's just the way it goes.  Don't worry, you're not the only one."

28.    Plaintiff Dugue was offended and in disbelief at the discriminatory reason for her termination.

29.    As Plaintiff Dugue was leaving, Mickey approached her to give Plaintiff her last paycheck. Plaintiff Dugue asked Mickey whether he told Mr. Reid to fire her because of her gender. She then told Mickey that Mr. Reid fired her for being a woman.  Mickey responded, "Keith was wrong for saying discriminatory things to you, and I will talk to him.  The ratio of apprentices to mechanics is off."  However, Mickey did not deny that he told Mr. Reid to terminate Plaintiff's employment.

30.    Before Plaintiff left the site, she saw another female apprentice, Jessica A. Miles-Valton, who told Plaintiff that she had just been terminated by Mickey.

31.    Subsequently, on September 17, 2016, Plaintiff filed a complaint with the union regarding her discriminatory termination.

32.    On October 5, 2016, Mr. Sauders telephoned Plaintiff Dugue and informed her that Mr. Reid showed his crew the statement that Plaintiff wrote to the union regarding her termination and that members of the crew said, *inter alia,* that women did not belong there [in the construction site] anyway.

33.    Upon information and belief, Tina M. Richardson, a fourth-year apprentice, and Crystal T. James, a third-year apprentice, were also terminated a few days after Plaintiff.

34.    Upon information and belief, after firing Plaintiff, Ms. Miles-Valton, Ms. Richardson and Ms. James, Defendant Pabco Construction hired three male apprentices.

35.    Defendant's actions and conduct were intentional and intended to harm Plaintiff Dugue.

6

36. As a result of the acts and conduct complained of herein, Plaintiff Dugue has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

37. Defendant's conduct has been malicious, willful, outrageous, and/or reckless and conducted with full knowledge of the law.  As such, Plaintiff demands punitive damages against the Defendant.

**FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**

38. Plaintiff Dugue repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

39. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for relief based upon the unlawful employment practices of the Defendant.  Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

40. The Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.* by subjecting Plaintiff Dugue to discrimination on the basis of her gender and terminating Plaintiff's employment because of her gender.

**SECOND CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

41. Plaintiff Dugue repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

42.    New York City Administrative Code § 8-107(1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

43.    Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(1)(a) by subjecting Plaintiff Dugue to discrimination on the basis of her gender and terminating Plaintiff's employment because of her gender.

## THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

44.    Plaintiff Dugue repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45.    New York City Administrative Code § 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        1.the employee or agent exercised managerial or supervisory responsibility; or

        2.the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an

employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

46. The Defendant violated the section cited herein.


## JURY DEMAND

47. Plaintiff Dugue hereby requests a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dugue respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII and the NYCHRL in that Defendant subjected Plaintiff to gender discrimination;

B. Awarding damages to Plaintiff Dugue for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff Dugue compensatory damages for mental, emotional and/or physical injury, distress, pain and suffering and injury to reputation;

D.  Awarding Plaintiff Dugue punitive damages;

E.  Awarding Plaintiff Dugue attorneys' fees, costs, and expenses incurred in the prosecution of this action;

F.  Awarding Plaintiff Dugue such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Manhasset, New York
        April 17, 2018

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

**Joshua P. Frank, Esq.**
**Dorina Cela, Esq.**
*Attorneys for Plaintiff*
1129 Northern Boulevard, Suite 404
Manhasset, New York 11030
(212) 248-7431 (telephone)
jfrank@tpglaws.com
dcela@tpglaws.com

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ms. Linda Dugue<br>518 West 159th Street, Apt. 3 H<br>New York, NY 10032 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-02580 | D. Young,<br>Investigator | (212) 336-3758 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐  The EEOC is terminating its processing of this charge.

☒  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

January 31, 2018

Kevin J. Berry,
**District Director**

*(Date Mailed)*

Enclosures(s)

cc:  Attn.: Ms. Stephanie Johnson, Esq.
The Law office of Charles J. Siegel
125 Broad Street, 7th Floor
New York, NY 10004

Attn.: Mr. Joshua P. Frank, Esq.
PHILLIPS & ASSOCIATES
45 Broadway, Suite 620
New York, NY 10006